**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| United States of America,       )<br>                                                    )<br>                   Plaintiff,     )<br>                                                    )<br>       v.                                       )<br>                                                    )<br>Carl L. Linyard,                     )<br>                                                    )<br>                   Defendant.  )<br>_____) | Case No.: 9:03-cr-620-PMD-1<br><br>**<u>ORDER</u>** |

      Carl Linyard has filed a *pro se* motion for a reduction in his prison sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 427). For the following reasons, the Court denies his motion.

## **<u>BACKGROUND</u>**

      In 2004, a grand jury charged Linyard and others with various drug crimes, including two counts involving 50 grams or more of crack cocaine. Later that year, a jury convicted Linyard on all charges against him. The Court[1] sentenced Linyard to life in prison on each of the two counts involving 50 grams or more of crack, and 360 months on each of the remaining counts, all to run concurrently. Linyard appealed. The Fourth Circuit vacated and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Linyard*, 153 F. App'x 195 (4th Cir. 2005) (per curiam). On remand, the Court re-imposed the 360-month sentences but reduced the two life sentences to 400 months each, all again to run concurrently. Linyard appealed again. The Fourth Circuit affirmed, *United States v. Linyard*, 210 F. App'x 243 (4th Cir. 2006) (per curiam), and the Supreme Court denied certiorari, *Linyard v. United States*, 551 U.S. 1126 (2007).

_____

1.    The Honorable Sol Blatt Jr. presided over the trial, the sentencing, and all of Linyard's previous post-conviction motions.

In 2008, Linyard filed his first § 3582(c)(2) motion. He based his motion on Amendment 706 to the United States Sentencing Guidelines, which set 4.5 kilograms of crack cocaine as the minimum amount that could trigger a base offense level of 38; previously, 1.5 kilograms triggered that level. Linyard claimed he was eligible for a sentence reduction under Amendment 706. However because Linyard was held accountable for over 4.7 kilograms of crack at sentencing, Amendment 706 provided him no benefit. The Court therefore denied his motion. The Fourth Circuit affirmed. *United States v. Linyard*, 396 F. App'x 935 (4th Cir. 2010) (per curiam).

In 2011, Linyard filed a second motion for sentence reduction. Although he styled the motion as one seeking relief under the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), the Court liberally construed it as a § 3582(c)(2) motion seeking a reduction under Amendment 750 to the Sentencing Guidelines. Amendment 750 revised the offense levels applicable to certain cocaine base quantities under U.S.S.G. § 2D1.1(c). The Court denied the motion because, like Amendment 706, Amendment 750 did not have the effect of lowering Linyard's guidelines range. *See* U.S.S.G. § 1B1.10(a)(2)(B). Linyard again appealed, but the Fourth Circuit dismissed the appeal for failure to prosecute. *See United States v. Linyard*, No. 13-6876 (4th Cir. Aug. 8, 2013).

In 2014, Linyard filed a third § 3582(c)(2) motion, this time relying on Amendment 782 to the Sentencing Guidelines. Amendment 782 further reduced the base offense levels for drug offenses in U.S.S.G. § 2D1.1. Unlike Amendments 706 or 750, however, Amendment 782 did have the effect of lowering Linyard's guidelines range. Accordingly, the Court granted Linyard's motion and reduced his prison sentences for each count to 324 months, again to all run

concurrently. Linyard nonetheless appealed. The Fourth Circuit affirmed. *United States v. Linyard*, 598 F. App'x 216 (4th Cir. 2015) (per curiam).

Finally, in September 2016, Linyard filed the § 3582(c)(2) motion currently at bar. In the motion, Linyard asserts he is entitled to a further sentence reduction pursuant to the Fair Sentencing Act and to Sentencing Guidelines Amendments 706, 715, 750, and 759. The Government has filed a response opposing Linyard's motion. Accordingly, this matter is now ripe for consideration.

## DISCUSSION

The Court first addresses Linyard's reliance on Amendments 706 and 750. He has previously sought relief under those two amendments, without success. The Court sees no reason to find its previous decisions unsound.

Second, Linyard cannot rely directly upon the Fair Sentencing Act to obtain § 3582(c)(2) relief. *See United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013).

Third, Amendment 715 affords Linyard no relief. After the United States Sentencing Commission adopted Amendment 706, it learned of sentencing anomalies whereby some defendants did not receive the intended benefit of that amendment's two-level reduction, while others received a greater benefit than the Commission intended. U.S.S.G. app. C, amend. 715 cmt. (2008). The Commission adopted Amendment 715 to remedy those anomalies by revising the manner in which courts determine combined offense levels in cases involving crack and another drug. *Id.* In doing so, however, the Commission stated Amendment 715 "does not apply if the offense involved 4.5 kilograms or more of cocaine base because the offenses levels for such offenses were unaffected by Amendment 706." *Id.* That is the case here; indeed, that is precisely why the Court denied Linyard's first § 3582(c)(2) motion.

3

Finally, Amendment 759 changed the Sentencing Guidelines in four ways. *See* U.S.S.G. app. C, amend. 759 cmt. (2011). Linyard has not specified which of those ways would provide him relief. The Court has reviewed all of those changes and finds that none has the effect of lowering Linyard's applicable guideline range—the *sine qua non* for obtaining relief under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B).

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Linyard's § 3582(c)(2) motion is **DENIED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**November 17, 2016**
**Charleston, South Carolina**

4